# EXHIBIT 1

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
JUN - 5 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

KATINA WILSON,

    Plaintiff,

vs.

(1) EAN HOLDINGS, LLC a
    Foreign Limited Liability Corporation

    Defendants.

Case No. CJ-2018-02403

Attorney Lien Claimed

JEFFERSON D. SELLERS

## PETITION

COMES NOW the Plaintiff, Katina Wilson, by and through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant, EAN Holdings, LLC, also known as Enterprise Holdings, a Foreign Limited Liability Corporation for violations of her constitutionally protected rights arising out of her employment and terminations from employment by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

2. Defendant, EAN Holdings, LLC, (hereinafter "Enterprise"), is a foreign limited liability corporation that conducts regular business in Tulsa County and regularly employs more than fifteen (15) people.

3. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination and sexual

harassment in employment, retaliation and wrongful termination, as well as the Americans with Disabilities Act of 2008 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), Pub. L. No. 110–325, 122 Stat. 3553 for failure to accommodate, retaliation and wrongful termination. Additionally, this action is also brought under the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.*) (hereinafter "FMLA").

4. Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of sexual harassment, gender discrimination, retaliation and termination due to her complaints about the sexual harassment as well as her gender and also exhausted her claims under the ADA. A Notice of Right to Sue was received by the Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII and the ADAAA.

5. Jurisdiction of the Court is proper under 25 O.S. 1301 et seq and § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8. Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9. This action lies properly in Tulsa County because the Defendant conducts regular business in Tulsa County.

**FACTS COMMON TO ALL CLAIMS**

10. Plaintiff, Katina Wilson, incorporates as if realleged Paragraphs 1-9.

11. The Plaintiff is a female.

12. The Plaintiff began her employment with the Defendant on May 13, 2013 as an account coordinator.

13. In January of 2015, Plaintiff began receiving unwanted advances and sexual harassment from her supervisor, Harry Colbert. This occurred on a daily basis and included lewd comments, leering at the Plaintiff at her desk, unwanted physical contact, all of which the Plaintiff found severe and pervasive and which altered the terms of her work environment.

14. The Plaintiff complained about Mr. Colbert's behavior to Human Resources. In September of 2015, she was informed he was counseled and the matter was closed. However, not long after this, the harassing behavior started again however this time, it was also accompanied with retaliatory behavior as a result of Plaintiff's complaints to HR.

15. The Plaintiff complained to HR again in January 2016. The Plaintiff requested a cubicle wall be set up so that she had additional privacy in her work space in an attempt to avoid Mr. Colbert. The harassing behavior continued until May 2016, when Mr. Colbert was terminated as a result of yet a 3rd complaint of harassment from another female employee.

16. After Mr. Colbert was fired, Plaintiff's other male supervisors, Jon Seay and Cleveland Davis, who were friends with Mr. Colbert, began singling the Plaintiff out, excluding her from meetings, reporting her for alleged appearance and dress code violations, and engaging in otherwise retaliatory behavior as a result of her complaints about their friend. This behavior began in September 2016 and continued through the end of Plaintiff's employment.

17.     The Plaintiff reported to HR that she was being excluded from team meetings and felt ostracized from her department. Upon learning of her complaint, Cleveland Davis discussed the Plaintiff's complaint with her coworker, in a location where Plaintiff overheard the conversation. Mr. Davis then allowed one of Plaintiff's coworkers to access his computer and email Plaintiff's performance review to HR, allowing Plaintiff's coworker to view her personal information and performance summaries.

18.     The stress and anxiety created as a result of Mr. Davis and Mr. Seay's actions required the Plaintiff to apply for FMLA leave for a serious medical condition. The Plaintiff was approved for intermittent leave. During her protected leave, Plaintiff's supervisors failed to assign employees to cover the Plaintiff's work assignments. When she returned from FMLA leave, the Plaintiff was counseled for the incomplete work that was not completed during her leave.

19.     In June 2017 after Plaintiff returned from FMLA leave, she was called into a performance review meeting and issued a poor performance rating. The poor rating was directly related to work assignments that were allowed to accumulate during Plaintiff's periods of protected FMLA leave. The Plaintiff believes this was done purposefully so to give Mr. Davis and Mr. Seay reasons to discipline the Plaintiff in an attempt to terminate her employment.

20.     In August 2017, Mr. Davis issued Plaintiff a disciplinary action for failing to process a payment while she was on bereavement leave.

21.     The Plaintiff first complained to the Equal Employment Opportunity Commission about the hostile work environment, disability discrimination and retaliation in August of 2017. Through that process, the Plaintiff was informed she would be placed in a work from

home position with the company, an accommodation regularly provided. This would allow her to work away from the supervisors retaliating against her. However, when she returned to work, this accommodation was not made. The Plaintiff continued to apply for work from home positions, for which she was not selected.

22. The Plaintiff continued receiving the silent treatment from her supervisors and her serious health conditions were exacerbated. She again requested she be considered for a work from home position, or even transferred to a different department under different supervisors and was told that the move would result in a pay cut, which Plaintiff could not afford as a single mother. Her stress and anxiety was also accompanied by severe migraines and stomach issues.

23. On December 7, 2017, after numerous complaints and requests for accommodations for her disabling conditions, the Plaintiff was constructively discharged from her employment.

## FIRST CLAIM FOR RELIEF: SEXUAL HARRASMENT/SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

24. Plaintiff, Katina Wilson, incorporates as if realleged Paragraphs 1-23.

25. By subjecting the Plaintiff to sexual harassment from her supervisor, and severe and pervasive behavior on an almost daily basis, and by then allowing Plaintiff's other supervisors to continuously subject Plaintiff to a hostile work environment through the behavior described in the paragraphs above, and ultimately constructively discharging the Plaintiff, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII

26. Plaintiff, Katina Wilson, incorporates as if realleged Paragraphs 1-25.

27. By retaliating against the Plaintiff for her complaints about the hostile work environment, and the retaliatory, harassing behavior from Mr. Davis and Mr. Seay, through issuance of a poor performance review, disciplinary action and ultimately constructively discharging the Plaintiff from her employment, because she engaged in protected opposition to discrimination and sexual harassment when she complained numerous times to HR and then to the EEOC, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

28. Plaintiff, Katina Wilson, incorporates as if realleged Paragraphs 1-27.

29. The Defendant's actions of failing to provide a reasonable accommodation to the Plaintiff and retaliating against her directly following her request for a reasonable

accommodation and charge of discrimination to the EEOC through constructively discharging the Plaintiff, the Defendant has violated the ADA as amended by the ADAAA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff, Katina Wilson, incorporates as if realleged Paragraphs 1-29.

31. The Defendant's actions of intentional and malicious sexual harassment, discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
## INTERFERENCE AND RETALIATION IN VIOLATION OF FMLA (29 U.S.C. §§ 2615(a)(1) and (2))

32. Plaintiff, Katina Wilson, incorporates as if realleged Paragraphs 1-31.

33. By unfairly constructively discharging the Plaintiff in retaliation for her exercising her rights under the FMLA, the Defendant has violated 29 U.S.C. § 2615(a)(2).

34. By interfering with Plaintiff exercising her FMLA rights, through denying her an accommodation that would have allowed her to remain employed with the Defendants, thereby forcing her to use FMLA leave she would not have required otherwise, and then constructively discharging her employment when she still had leave available, the Defendant has violated 29 U.S.C. § 2615(a)(2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Liquidated damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, equitable relief including reinstatement if feasible, liquidated damages, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN
P.L.L.C.

Daniel E. Smolen, OBA# 19943
Lauren G Lambright, OBA# 22300
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*